NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3104

CHRIS B. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: July 11, 2006

_____

Before MAYER, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

Chris B. Jones appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing her appeal for lack of jurisdiction. Jones v. U.S. Postal Serv., No. DA-0752-05-0630-I-1 (M.S.P.B. Dec. 15, 2005). Because the Board correctly determined that it lacked jurisdiction to review Jones's appeal, we affirm.

BACKGROUND

Jones, a preference eligible employee, began employment at the U.S. Postal Service (the "agency") on June 11, 2005, as a mail carrier. On August 20, 2005, which was the 71st day of Jones's employment with the agency, the agency verbally informed her that it was terminating her employment because of alleged performance issues. A letter dated August 22, 2005, confirmed the agency's decision to terminate Jones's

employment. On September 7, 2005, Jones filed an appeal to the Board contesting her termination.

On September 13, 2005, an administrative judge ("AJ") notified Jones that she had the burden of proving that the Board had jurisdiction over her appeal. Jones did not respond. The agency responded and submitted a motion to dismiss the appeal on the basis that Jones did not qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(B) because she had been employed by the agency for less than one year. Jones failed to respond to the agency's motion to dismiss her appeal. The AJ issued an Order to Show Cause, requiring Jones to respond to the agency's motion, informing her of the jurisdictional issues, and noting that if she did not respond, her appeal would be dismissed for lack of jurisdiction. Jones failed to respond to the Order to Show Cause.

On November 10, 2005, the AJ dismissed Jones's appeal for lack of jurisdiction. The AJ noted that the record indisputably showed that Jones was terminated on her 71st day of service. According to the AJ, in order for Jones, as a preference eligible employee, to qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(B), she must have "completed 1 year of current continuous service in the same or similar positions." The AJ held that because Jones only completed 71 days of service, she did not meet the definition of "employee" and thus the Board did not have jurisdiction over her appeal. The AJ also noted that Jones had alleged that the agency engaged in race and sex discrimination when it terminated her employment. However, because the AJ found that Jones failed to establish jurisdiction over her appeal, the AJ determined that her discrimination claim could not serve as a basis for the Board's jurisdiction.

The initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113. Jones timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Jones, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

On appeal, Jones argues that the Board did not consider any facts or interview any person to confirm that she was not a full-time employee. She also asserts that the Board failed to consider her argument that the agency allegedly discriminated against her and that it violated the "Equal Opportunity" laws. The government responds that the Board properly determined that Jones did not establish that she was an "employee" under 5 U.S.C. § 7511(a)(1)(B) entitling her to appeal to the Board. Also, the government responds that the Board properly determined that her discrimination claim did not establish jurisdiction over her appeal. According to the government, an

allegation of discrimination standing alone does not provide an independent ground for appeal to the Board.

We agree with the government that the Board correctly determined that it did not have jurisdiction over Jones's appeal. The Board found, and the record supports the Board's finding, that Jones was employed as a part-time preference eligible employee. In order for a preference eligible employee to appeal her removal to the Board, she must establish that she satisfies the requirements of 5 U.S.C. § 7511(a)(1)(B)(ii). As set forth in 5 U.S.C. § 7511(a)(1)(B)(ii), an "employee" is:

> B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—
> (i) in an Executive agency; or
> (ii) in the United States Postal Service or Postal Rate Commission;

5 U.S.C. § 7511(a)(1)(B)(ii). Thus, for Jones to have established that the Board had jurisdiction over her appeal, Jones, as a preference eligible employee, must have demonstrated that she had completed one year of current continuous service in the U.S. Postal Service. However, as the Board found, Jones completed only 71 days of service, well below the requisite one year. Because Jones did not complete one year of service, she did not qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(B)(ii) and thus the Board did not have jurisdiction over her appeal. Also, as the Board noted, Jones did not assert, and the record does not reflect, that she met any other definition of "employee" under the statute.

As for Jones's discrimination claim, we have determined that a discrimination claim does not, in and of itself, provide an independent basis for appeal. See Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245, 1247 (Fed. Cir. 1991) (stating that

discriminatory acts are not in themselves agency actions appealable to the Board and that a "mere assertion over reprisal, over which the Board has no independent jurisdiction, could not have created a basis for Board jurisdiction over the appeal"). Thus, without jurisdiction over Jones's removal claim, her discrimination claim cannot provide an independent basis for jurisdiction. We therefore conclude that the Board did not err in holding that it lacked jurisdiction over Jones's appeal. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm.